**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

RONALD SATISH EMRIT, AKA PRESIDENTIAL
CANDIDATE NUMBER P60005535, AKA PRESIDENTIAL
COMMITTEE/POLITICAL ACTION COMMITTEE/
SEPARATE SEGREGATED FUND NUMBER C00569897,
D/B/A UNITED EMRITS OF AMERICA

                    v.                                    Civil No. 26-cv-180-SE-AJ

BARACK HUSSEIN OBAMA, MICHELLE OBAMA, JOE
BIDEN, JILL BIDEN, HUNTER BIDEN, KETANJI BROWN-
JACKSON, ANDREW WINDSORS, KEIR STARMER

## REPORT AND RECOMMENDATION

Appearing in forma pauperis, plaintiff Ronald Satish Emrit, pro se and on behalf of a

group of entities whom he claims to represent, filed a complaint (Doc. No. 1) against eight

defendants including two former presidents and a sitting U.S. Supreme Court justice.  The matter

is before this court for preliminary review under 28 U.S.C. § 1915(e)(2) and LR 4.3(d)(2).

### LEGAL STANDARD

The court screens complaints filed by plaintiffs proceeding in forma pauperis to

determine whether the plaintiff has asserted any non-frivolous claim upon which relief might be

granted, seeks monetary relief from any defendant who is immune, or fails to invoke this court's

jurisdiction.  See 28 U.S.C. § 1915(e)(2); LR 4.3(d)(2).  Where the defense of improper venue is

"'obvious from the face of the complaint and no further factual record is required to be

developed,'" the court may, sua sponte, dismiss the case.  Cox v. Rushie, No. CA 13-11308-

PBS, 2013 WL 3197655, at *4, 2013 U.S. Dist. LEXIS 86794, at *14, (D. Mass. June 18, 2013)

(quoting Trujillo v. Williams, 465 F.3d 1210, 1217 (10th Cir. 2006)); see also Wilkinson v.

Sec'y, Fla. Dep't of Corr., 622 F. App'x 805, 809 (11th Cir. Fla. 2015).  The court construes the

pleadings of pro se parties liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

**DISCUSSION**

Plaintiff here has divided the claims asserted in his Complaint into three "Counts."  He

filed the identical complaint in other federal district courts.  The court in the Central District of

Illinois accurately summarized the same Complaint's allegations as follows:

> Plaintiff filed this action against "Former President Barack Hussein
> Obama, Michelle Obama, Former President Joe Biden, Jill Biden, Hunter Biden,
> Supreme Court Justice Kentanji Brown-Jackson, Former Prince Andrew of the
> Windsors, and British Prime Minister Keir Starmer" ("Defendants").  Plaintiff
> alleges that former President Obama "is defaming the current president by
> appearing in interviews and podcasts when most former presidents try to stay out
> of the spotlight based on a sense of professional courtesy" (Count I) and "has
> become a public nuisance by trying to remain relevant to the modern-day political
> conversation" (Count II).
>
> Plaintiff does not name the other seven Defendants in any of his claims.
> Plaintiff alleges "companies which feature" former President Obama on their
> channels, podcasts, or interviews "are committing the tort of industrial espionage"
> (Count III) and "committing the tortious interference with business
> relations/contacts under the Federal Tort Claims Act (FTCA)" (Count IV), but
> Plaintiff does not name any companies as defendants.  Plaintiff seeks $500 billion
> in damages.

Emrit v. Obama, No. 26-cv-3083, 2026 WL 690452, at *1, 2026 U.S. Dist. LEXIS 49817, at *2-

*4 (C.D. Ill. Mar. 11, 2026) (internal record references omitted).  That court dismissed plaintiff's

claims as frivolous, without leave to amend.  See id.  Accord Emrit v. Obama, No. 26-cv-136-

JDR-CDL (N.D. Okla. Mar. 11, 2026) (ECF No. 5); Presidential Candidate No. P600005535 v.

Obama, No. 26-cv-457-JD (W.D. Okla. Mar. 11, 2026) (ECF No. 4) (dismissing Complaint

without prejudice as frivolous and for failure to state claim).

The absence of proper venue provides an alternative basis for dismissal of this action.

Federal venue law states, in pertinent part, that a civil action may only be brought in "a judicial

district in which any defendant resides, if all defendants are residents of the State in which the district is located," or in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(1)-(2). And if there is no district in which an action may otherwise be brought, a civil action may be filed in any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to the action. Id. § 1391(b)(3).

None of the allegations in the Complaint suggest that this court is the proper venue for any of plaintiff's claims. No party resides in New Hampshire, and no substantial part of the events at issue occurred in New Hampshire. There are no allegations suggesting that this court has personal jurisdiction over any defendant with respect to plaintiff's claims. As plaintiff has filed the same claims in a number of different federal districts, and the courts that have screened his pleadings upon preliminary review have all dismissed the Complaint as frivolous or for failure to state a claim, the interests of justice are not served by transferring this case elsewhere. See 28 U.S.C. § 1406(a). Accordingly, the district judge should dismiss this action, without prejudice, for lack of proper venue.

## CONCLUSION

For the foregoing reasons, the district judge should dismiss this action, without prejudice, for improper venue. Then, the clerk should enter judgment and close the case.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. The objection period may be extended upon motion. Failure to file any objection within the specified time waives the right to appeal the district court's Order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016). Only those issues raised in

3

the written objections "'are subject to review in the district court,'" and any issues "'not preserved by such objection are precluded on appeal.'"  Id. (citations omitted).


_____
Andrea K. Johnstone
United States Magistrate Judge


March 24, 2026

cc:   Ronald Satish Emrit, pro se & on behalf of:
      Presidential Candidate Number P60005535
      Presidential Committee/Political Action Committee/
      Separate Segregated Fund Number C00569897
      United Emrits of America